# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LOIS HEISEY, | ) |
| Plaintiff, | ) No. 17-CV-1768 |
| v. | ) |
| | ) Magistrate Judge Michael T. Mason |
| MEIJER STORES LIMITED PARTNERSHIP, ET AL, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

On February 9, 2017, plaintiff Lois Heisey filed this action [3, Ex A] against defendant Meijers Stores Limited Partnership and Meijers, Inc. (collectively, defendants or "Meijers") for premises liability. Heisey claims she slipped and fell on a wet floor while grocery shopping at one of defendants' stores. The case was filed in Illinois state court in the Circuit Court of Cook County. Meijers filed a timely Notice of Removal [3] on March 6, 2017 pursuant to 28 U.S.C. § 1441 and 1332. On June 13, 2017, the parties consented to the jurisdiction of this Court for all proceedings pursuant to 28 U.S.C. § 636(c) [19].

Meijers now moves for summary judgment [39]. For the reasons set forth below, Meijers motion for summary judgment is denied.[1]

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b).

**I.      Relevant Facts**

The following facts are taken from the parties' Local Rule 56.1 statements and the exhibits attached thereto.

Defendant Meijers is a large store, about half of which is dedicated to selling groceries. (Defs Statement of Facts "SOF" [40] ¶ 12.) On September 4, 2015, plaintiff was shopping at the Meijers store in St. Charles, Illinois, along with her friend Connie Wortman. (Defs SOF ¶¶ 6, 13) Richard Dunnett, a Meijers employee, was working at the Meijers in St. Charles on this date. (Defs SOF ¶ 8.) At approximately 2:30 pm, while plaintiff was in the store shopping, Dunnett observed a large area in the main aisle of the store that required mopping. (Defs SOF ¶ 14.) Video footage from the store shows that Dunnett retrieved the mop and then cleaned up the area. (Defs SOF ¶ 15.) The parties dispute the reason for the mopping. Defendants state that there was Gatorade leaking from a pyramid display. (Pls Resp SOF [42] ¶ 14.) Plaintiff disputes this fact because there is no Gatorade display in the video footage and no evidence of colored liquid. (Pls Resp SOF ¶ 14.) In addition, Meijers characterizes Dunnett's mopping as "spot mopping" with a "light moist mop." (Defs SOF ¶¶ 11, 17.) Plaintiff denies that Dunnett's mop was only "lightly moist." (Pls Resp SOF ¶¶ 16-17.) The parties agree (and the video demonstrates) that while he was mopping, Dunnett placed three wet floor/warning cones in the main aisle, and then left the main aisle to retrieve paper towels in order to continue cleaning up the area. (Defs SOF ¶ 20.)

At approximately 2:32 pm, before Dunnett had returned, plaintiff and her friend were walking down the main aisle of the store. (Defs SOF ¶ 29-32.) As they reached the area where the warning cones had been placed, plaintiff slipped and fell. (Defs SOF

2

¶ 32) Moments later, Dunnett returned to the area with paper towels and kneepads and found plaintiff on the ground. (Pls Resp SOF ¶ 38.)

Fernando Corral was a Meijers store manager and he was working at the time that plaintiff was at the store. (Def's SOF ¶ 7). After plaintiff's fall, Corral filled out a Customer Incident report, in which he stated that Dunnett had "spot mopped" the floor, which was "a bit wet." (Pls Resp SOF ¶ 37.) The report also noted that Dunnett had "placed three wet floor signs [and] went to [get] towels to dry it better [and] when he returned Lois [Heisey] had fallen..." (*Id.*)

Plaintiff, her friend, Dunnett, and Corral were all deposed during discovery. In plaintiff's deposition, she admitted that, prior to her fall, she understood that the wet floor/caution signs were used to warn of a hazard or wet floor in the area of the signs. (Pls Resp. SOF ¶ 40.) She also testified that there was nothing obstructing her view of the signs, and that she was aware of the signs before her fall. (*Id.*) She stated that before she fell, she had glanced up at the aisle signs hanging from the ceiling because she was looking for the aisle with the baking pans. (*Id.*) She also stated that after she fell, her hands and her clothes were wet from the water on the ground. (*Id.*) Plaintiff's friend also testified that plaintiff's clothes were wet after the fall. (Pls Resp SOF ¶ 41.) She characterized the water on the floor as "black ice" because it was difficult to see. (*Id.*) Both plaintiff and her friend testified that after plaintiff's fall, Dunnett was the first person to arrive and he apologized and said he should have dried the area better. (Pls. Resp SOF ¶¶ 40-41.)

At his deposition, Corral was shown the video and asked about the placement of the cones in relation to where plaintiff fell. (Pls Resp SOF ¶ 39.) Corral testified that "It

does seem like there is a bit of a distance." (*Id.*) However, he also testified that he was confident that Dunnett's actions here and the placement of the cones were adequate and completely in line with what is expected at Meijers and in the retail industry in general. (Defs Resp SOF [46] pp14-15.)

As part of her complaint, plaintiff alleged that as a result of her fall at Meijers, she suffered serious personal injury and damages, including medical treatment costs exceeding $52,000, loss of earning capacity, pain and suffering, as well as future medical expenses. (Compl, ¶ 8.)

## II.     Analysis

### A.     Summary Judgment Standard

Summary judgment is appropriate where the evidence of record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine dispute of material fact when "no reasonable jury could find in favor of the nonmoving party." *Van Antwerp v. City of Peoria*, 627 F.3d 295, 297 (7th Cir. 2010) (*quoting Brewer v. Bd. of Trs. of the Univ. of Ill.*, 479 F.3d 908, 915 (7th Cir. 2007)). The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

At this stage, the Court must construe all facts and draw all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

255 (1986). The plaintiff is not required to prove her case at the summary judgment stage. *Helms v. Chicago Park District,* 258 Ill.App.3d 675, 679, 196 Ill.Dec. 851, 630 N.E.2d 1016 (1994). Summary judgment is a drastic measure that should only be allowed when the right of the moving party is clear and free from doubt. *Qureshi v. Ahmed*, 394 Ill. App. 3d 883, 886, 916 N.E.2d 1153, 1156 (2009)

Illinois law governs the extent of Meijers' liability in this diversity action. *Dunn v Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018). In Illinois, businesses owe their invitees a duty to exercise ordinary care in maintaining the premises in a reasonably safe condition to avoid injury. *Marshall v. Burger King Corp.*, 222 Ill.2d 422, 305 Ill.Dec. 897, 856 N.E.2d 1048, 1057–58 (2006); *Thompson v. Economy Super Marts, Inc.*, 221 Ill.App.3d 263, 163 Ill.Dec. 731, 581 N.E.2d 885, 888 (1991); *Peterson v. Wal–Mart Stores, Inc.*, 241 F.3d 603, 604 (7th Cir.2001) (applying Illinois law); Restatement (Second) of Torts §§ 343, 344 (1965). In order to state a claim for premises liability, a plaintiff must establish a cause of action for negligence, which requires: 1) a duty owed to the plaintiff by the defendant, 2) a breach of that duty, and 3) an injury proximately caused by the breach. *Dunn,* 880 F.3d at 906. The owner of a business owes its invitee the duty of reasonable care under the circumstances. *Id.*

The first element is whether Meijers owed plaintiff a duty. "Whether a duty exists is a question of law to be determined by the court." *Dunn*, 880 F.3d at 906. "Put broadly, 'duty is determined by asking whether defendant and plaintiff stood in such a relationship to one another that the law imposed upon defendant an obligation of reasonable conduct for the benefit of plaintiff." *Id.*at 906 (quoting *Bucheleres v. Chi Park Dist.,* 171 Ill.2d 435, 665 N.E.2d 826, 831 (1996)). In a "slip and fall" case,

5

such as this, liability can be imposed when a business's invitee is injured by slipping on a foreign substance on its premises if the invitee establishes that the business had actual or constructive notice of the dangerous condition that caused the fall. *Pavlik v. Wal–Mart Stores, Inc.*, 323 Ill.App.3d 1060, 257 Ill.Dec. 381, 753 N.E.2d 1007, 1010 (2001); *Tomczak v. Planetsphere, Inc.*, 315 Ill.App.3d 1033, 249 Ill.Dec. 58, 735 N.E.2d 662, 666 (2000).  However, a business owner is not liable for harm to an invitee that is caused by an "open and obvious" condition on the premises, which is a condition that the invitee is aware of or is very obvious. *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008)**.**

Here, Meijers' primary argument in support of summary judgment is that it did not owe plaintiff a duty under the circumstances because the three wet floor/caution signs created an open and obvious condition.  In response, plaintiff does not dispute that her fall occurred near the three warning signs.  She does dispute that the open and obvious doctrine relieves Meijers of liability here.  She claims that although the signs were placed in the aisle, they were not adequately placed to sufficiently indicate where the hazardous condition was on the floor.  In other words, she claims that although the cones were placed in the aisle, they were not positioned around the perimeter of the wet area so that she was not adequately warned of the hazard.  As a result, she asserts, the Court cannot grant summary judgment because it cannot conclude that Meijers had, as a matter of law, discharged its duty to warn of a dangerous condition.        In Illinois, "the open and obvious doctrine is an exception to the general duty of care." *Dunn*, 880 F.3d at 906.  Under this doctrine, a person or business is "not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open

and obvious." *Id.* (*citing Bucherles v. Chicago Park Dist.,*171 Ill.2d 435, 665 N.E.2d 826, 831 (1996)). A condition is considered "open and obvious where a reasonable person in the plaintiff's position exercising ordinary perception, intelligence and judgment would recognize both the condition and the risk involved." *Alqadhi v. Standard Parking, Inc.*, 405 Ill.App.3d 14, 17, 938 N.E.2d 584 (2010). The determination of whether a condition is open and obvious is generally a question of fact, but can be decided as a matter of law where there is no dispute about the physical nature of the condition. *Wilfong v. L.J. Dodd Construction*, 401 Ill.App.3d 1044, 1053, 930 N.E.2d 511 (2010).

Here, Meijers argues that there is no dispute about the physical nature of the hazardous condition, and as a result, the open and obvious doctrine renders judgment appropriate here as a matter of law. We disagree. Instead, we find that the issue of whether this was an open and obvious hazard is a question of fact that should be decided by a jury. As the parties' briefing demonstrates, there is a dispute as to the physical nature of the condition. For example, although plaintiff acknowledged that she was aware of the warning cones, she asserts that the cones did not adequately mark the area on the floor that was wet. She claims that although Dunnett placed the warning cones in the main aisle, she fell on a spot that was adjacent to the cones. Directing the Court to the video of the incident, plaintiff points out that she was to the left of the cones when she fell. She argues that to adequately warn of the danger, the cones should have been placed around the perimeter of the wet area, and not just placed in a row down the aisle. In contrast, Meijers argues that the distance between the cones and the spot on which plaintiff fell is minimal and therefore the warning cones

7

did adequately warn her. However, even Meijers' store manager noted that there was a "bit of a distance" between plaintiff and the cones when he viewed the store video at his deposition. And because we are required to view these facts in the light most favorable to plaintiff, we find that this is an issue of fact that cannot be resolved at the summary judgment. *Compare Dunn,* 880 F.3d at 907 (finding summary judgment was appropriate when there was no meaningful difference in witnesses versions of the nature of the dangerous condition).

The parties also dispute just how wet the floor was. Plaintiff claims the floor must have been very wet because her pants and her hands were wet after she hit the floor, and this statement is corroborated by the fact that Dunnett returned to the area with paper towels and knee pads, planning to continue to clean up the area. Plaintiff's friend also stated that plaintiff's pants were wet after she fell. In contrast, Meijers asserts that the mop Dunnett had used was only "lightly moist" and that there could not have been much water because there was no bucket in the vicinity and no water visibly dripping from the mop. Again, based on these disputed facts about the condition of the hazard, we do not find that summary judgment is appropriate here. *See, e.g., Wiegman v. Hitch-Inn Post of Libertyville,* 208 Ill. App. 3d 789, 802 (Ill. App. Ct. 1999) (question of fact for the jury exists where plaintiff and defendant have conflicting stories about plaintiff's slip and fall and plaintiff's version was supported by some evidence).

Meijers also argues that the hazard was open and obvious because the video depicts several other customers walking through the very same area without falling right before plaintiff slipped. Meijers asserts that this demonstrates that plaintiff was not using appropriate caution when she walked down the aisle and fell. While this might be

8

true, we also find that this fact could demonstrate that Meijers did not adequately mark the hazardous area so that shoppers did not know to avoid it. "An open and obvious condition depends on the objective knowledge of a reasonable person confronted with the same condition." *Dunn*, 880 F.3d at 907. In other words, "if a reasonable person with the plaintiff's knowledge of the situation would have appreciated and avoided a hazard created by the defendant's actions, then from the defendant's perspective the plaintiff's injuries were neither foreseeable nor likely." *Id.* But here, several other customers walked down the same side of the aisle that plaintiff used, and did not avoid the area, despite the warning cones that were placed in the aisle. As a result, we find that the open and obvious doctrine does not apply as a matter of law here.

Lastly, Meijers argues that even if the open and obvious doctrine does not apply, they did not owe any duty to plaintiff because they placed the warning signs, which a reasonable customer would be expected to see. However, as we explained above, no one disputes that Meijers placed the warning signs. The issue of fact here is whether the placement of the signs was adequate in light of the hazardous conditions such that it adhered to its duty of care. *See, e.g., Hendricks v. United States*, 2002 WL 215526, at *2 (N.D. Ill. Feb. 11, 2002) (breach of duty of care can be found when defendant voluntarily undertakes the repair of a hazardous condition). As a result, summary judgment is not appropriate here. See *Id,* 2002 WL *2*15526, at *3 (summary judgment motion denied where business painted only a portion of the curb in order to warn pedestrian of a hazard).

### III.    Conclusion

Based on the record before us, a reasonable trier of fact could conclude that

Meijers' warnings were insufficient because the placement of the cones did not adequately warn shoppers of the exact area of the spill. For the foregoing reasons, Meijers' motion for summary judgment [39] is denied. It is so ordered.

                                           **ENTERED:**

                                           **MICHAEL T. MASON**
                                           **United States Magistrate Judge**

**Dated: May 14, 2018**